J-S44024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOENARD CHAPLIN | : | |
| | : | |
| Appellant | : | No. 2936 EDA 2023 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010361-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOENARD CHAPLIN | : | |
| | : | |
| Appellant | : | No. 2937 EDA 2023 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012712-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOENARD CHAPLIN | : | |
| | : | |
| Appellant | : | No. 2938 EDA 2023 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012780-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|                        | :   |                      |
| :--------------------- | :-- | :------------------- |
| v.                     | :   |                      |
|                        | :   |                      |
|                        | :   |                      |
|                        | :   |                      |
| LOENARD CHAPLIN        | :   |                      |
|                        | :   |                      |
| Appellant              | :   | No. 2939 EDA 2023    |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012800-2009

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED DECEMBER 17, 2024**

In this consolidated appeal,[1] Loenard Chaplin (Appellant) appeals from the orders dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA).[2] Counsel for Appellant, Stephen T. O'Hanlon, Esquire (Counsel), has filed a motion to withdraw from representation and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After careful review, we grant Counsel's motion to withdraw and affirm the PCRA court's order.

In late 2008 and early 2009, Appellant and a cohort committed a series of gunpoint robberies in Philadelphia. Notably, on March 11, 2009, Philadelphia police responded to a shooting scene with two victims. Victim

---

[1] This Court granted consolidation on December 29, 2023. Order, 12/29/23.

[2] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

Tracy Ratliff (Ratliff) suffered a gunshot wound to the neck. Victim Ronald Prince (Prince) died from a gunshot wound to his chest. Affidavit of Probable Cause, CP-51-CR-0010361-2009 (No. 10361), at 1. Five days later, police arrested Appellant. At the time, Appellant possessed the firearm used in Prince's murder.

During a police interview, Appellant admitted to being the getaway driver for the March 11, 2009, robbery. *Id.* Appellant explained that

> he knew that the person to be robbed … was [Ratliff]. [Appellant] [s]tated that he did not get out of the car to approach [Ratliff's] apartment because she knew him and would recognize him.

*Id.* Police additionally charged Appellant in relation to other gunpoint robberies at docket numbers CR-12780-2009 (No. 12780), CR-12712-2009 (No. 12712), CR-12800-2009 (No. 12800).

On June 1, 2010, at No. 12780, No. 12712, and No. 12800, Appellant entered negotiated guilty pleas. At No. 12780, Appellant pled guilty to one count each of robbery, aggravated assault, and possession of a firearm prohibited.[3] At No. 12712, Appellant pled guilty to one count each of robbery, aggravated assault, criminal conspiracy (aggravated assault),[4] and possession of a firearm prohibited. At No. 12800, Appellant pled guilty to robbery, conspiracy, and possession of a firearm prohibited. In accordance with his

---

[3] 18 Pa.C.S.A. §§ 3701(a)(ii), 2702(a), 6105.

[4] 18 Pa.C.S.A. § 903.

plea agreement, the trial court imposed an aggregate sentence of 8-20 years in prison.

On July 9, 2012, at No. 10361, Appellant pled guilty to third-degree murder,[5] aggravated assault, robbery, and criminal conspiracy. That same day, in accordance with his plea agreement, the trial court sentenced Appellant to 20-40 years in prison for his conviction of third-degree murder. The trial court imposed no further penalty for Appellant's remaining convictions. The trial court imposed this sentence concurrent with Appellant's prior sentences. Appellant filed no direct appeals from his judgments of sentence.

On November 18, 2020, Appellant filed the instant *pro se* PCRA petition, at all docket numbers. The PCRA court appointed Counsel, who filed an amended petition. Appellant claimed, as newly-discovered facts, that (1) former Philadelphia Police Detective James Pitts (Pitts) coerced Appellant's signed confession; and (2) former Philadelphia Police Detective Philip Nordo (Nordo) "falsely implicated [Appellant] in two of the robbery cases."[6] Amended PCRA Petition, 8/10/21, at 4.

---

[5] 18 Pa.C.S.A. § 2502(c).

[6] Appellant claimed he learned of the detectives' misconduct from a Philadelphia Inquirer article dated September 12, 2019. Subsequent to Appellant's guilty pleas, Nordo and Pitts were convicted of perjury and rape, respectively, for criminal conduct committed during their tenure with the Philadelphia Police Department. *See Commonwealth v. Pitts*, CP-51-CR-
*(Footnote Continued Next Page)*

On August 14, 2023, the PCRA court granted Appellant an evidentiary hearing "on the claim of physical abuse and threat[s] from N[o]rdo and Pitts." N.T., 8/14/23, at 12.

The PCRA court conducted its hearing on November 16, 2023. At the close of the hearing, the PCRA court dismissed Appellant's petition. PCRA Court Order, 11/16/23. Appellant timely filed notices of appeal at each docket number. Appellant and the PCRA court have complied with Pa.R.A.P. 1925. On July 25, 2024, Counsel filed a motion to withdraw as Appellant's attorney, and a **Turner**/**Finley** no-merit letter.

Prior to addressing the issue identified in Counsel's no-merit letter, we first assess Counsel's motion to withdraw. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that such independent review requires proof of

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of [counsel's] review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

---

0004729-2022; **Commonwealth v. Nordo**, CP-51-CR-001856-2019, and CP-51-CR-0004070-2021.

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Further, PCRA counsel seeking to withdraw in this Court must contemporaneously forward to the petitioner a copy of the motion to withdraw that includes both (1) a copy of the "no-merit" letter; and (2) a statement advising the PCRA petitioner that, upon the filing of counsel's motion to withdraw, the petitioner has the immediate right to proceed *pro se*, or with the assistance of privately retained counsel. **Commonwealth v. Muzzy**, 141 A.3d 509, 511-12 (Pa. Super. 2016).

Here, our review discloses that Counsel's motion to withdraw detailed the nature and extent of his review of Appellant's case, listed the issue that Appellant wished to have reviewed, and explained Counsel's reasoning for concluding that the issue lacks merit. Additionally, Counsel provided Appellant with a letter notifying him of Counsel's intention to seek permission to withdraw and a copy of the **Turner**/**Finley** "no-merit" letter, and advised Appellant of his rights *in lieu* of representation. **See** Motion to Withdraw, 7/25/24, attach. Appellant filed no response to Counsel's motion. Based on the foregoing, we conclude that Counsel substantially complied with the requirements necessary to withdraw from his representation of Appellant. **See Muzzy**, 141 A.3d at 511-12.

We next independently review the issue Appellant wished to raise on appeal. In the "no-merit" letter, Counsel presented the following claim of error:

THE PCRA COURT'S DISMISSAL OF APPELLANT'S PCRA PETITION WAS NOT SUPPORTED BY THE RECORD AND FREE FROM LEGAL ERROR BECAUSE APPELLANT CREDIBLY TESTIFIED THAT THERE IS NEW EVIDENCE OF PATTERNS OF POLICE MISCONDUCT[,] WHICH HAD LED TO APPELLANT'S PLEAS BEING INDUCED BECAUSE … PITTS COERCED A CONFESSION AS TO HOMICIDE CASE [No. 10361] AND … NORDO MANUFACTURED APPELLANT'S INVOLVEMENT IN TWO ROBBERY CASES [at No. 12780 and No. 12800,] WHICH, IN TURN, AFFECTED APPELLANT'S ROBBERY PLEA AND SENTENCE AS [IN] CASE [No. 12712]. APPELLANT SHOULD HAVE BEEN PERMITTED TO WITHDRAW HIS PLEAS AND [THE] JUDGMENT OF SENTENCE SHOULD HAVE BEEN VACATED AS TO CASES INVOLVING DETECTIVES WITH VERIFIED PATTERNS OF MISCONDUCT.

*Turner*/*Finley* Letter, 7/25/24, at 2.

We first observe our scope and standard of review. "Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* Further, the PCRA court's credibility determinations are to be provided great deference, and indeed, they are one of the primary reasons PCRA hearings are held in the first place." *Commonwealth v. Rizor*, 304 A.3d 1034, 1058 (Pa. 2023) (citation, brackets, and quotation marks omitted).

Before addressing Appellant's underlying substantive issue, we address the timeliness of his PCRA petition.

> All PCRA petitions "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…."[7] 42 Pa.C.S.[A.] § 9545(b)(1). The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.

**Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (footnote added; citation omitted).

Our review discloses Appellant's judgment of sentence became final in 2012. Appellant filed the instant PCRA petition on November 18, 2020. Thus, Appellant's petition is facially untimely. **See id.**

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) [T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[7] A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented.  *See id.* § 9545(b)(2).  It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Albrecht*, 994 A.2d at 1094 (citations omitted).

Appellant asserted the newly-discovered fact exception to the PCRA's timeliness requirement.  *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).  The newly-discovered fact exception "requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).  Further, "Pennsylvania law is unmistakably clear that **only new facts**, not newly-uncovered information pertinent to previously known facts, trigger the timeliness exception pursuant to Section 9545(b)(1)(ii)." *Commonwealth v. Branthafer*, 315 A.3d 113, 130 (Pa. Super. 2024) (emphasis added); *see also Brown*, 111 A.3d at 176 (stating "the focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts." (citation and quotation marks omitted)).

Appellant claims, as newly-discovered facts, the evidence related to coercion, abuse, and misconduct by Pitts and Nordo.  *Turner*/*Finley* Letter,

- 9 -

7/25/24, at 2. Counsel's no-merit letter asserts Appellant's claim lacks merit.

*Id.* at 6. In making this assessment, Counsel points out that

> Appellant admitted to lying under oath during his homicide plea. [N.T.], 1/16/2023, at 26. Appellant was stopped [by police] with the murder weapon[,] but testified that he purchased the gun on the street from a stranger called "Black." N.T., 11/16/2023, at 27-32, 74-75. Appellant admitted to lying under oath in his separate Robbery cases. [N.T.,] 11/16/2023, at 34-35. Appellant admitted that he knew [Prince] in the homicide case. [N.T.,] 11/16/2023, at 58-60.
>
> Appellant's issue asks this Court to override legitimate credibility determinations made by the court below. *See* [N.T.,] 11/16/2023, at 88-90, 93-99 …. The law and reality preclude this Court from doing this. Therefore, Appellant's issue on appeal is without merit.

*Id.* at 5-6. Counsel further represents that his review discloses no other non-frivolous issues that Appellant could raise.

In its opinion, the PCRA court rejected Appellant's claim of newly-discovered facts as undeveloped, based on the fact that Appellant gave his inculpatory statement to detectives other than Nordo and Pitts, and Appellant failed to indicate the date on which he became aware of the Philadelphia Inquirer article. PCRA Court Opinion, 5/15/24, at 3. The PCRA court further opined that

> Appellant [did] not reference how … Nordo coerced a confession regarding [Appellant's] third-degree murder case nor specifically explain how … Nordo fabricated the two robbery cases against Appellant. Although allegations of misconduct by [] Pitts and [] Nordo are concerning, Appellant's claim presented at this time is underdeveloped and insufficient to warrant relief under the PCRA.

- 10 -

*Id.* (some capitalization modified). We agree Appellant failed to establish a timeliness exception, albeit on a different basis. ***See Commonwealth v. Reese***, 31 A.3d 708, 727 (Pa. Super. 2011) (*en banc*) (recognizing that where the trial court reached a correct result, we may affirm if the order can be sustained for any reason).

In his amended PCRA petition, Appellant asserted the newly-discovered fact exception to the PCRA's timeliness requirement. Amended PCRA Petition, 7/6/22, at 7-8. Appellant claimed that prior to his pleas, "he was beaten and made to confess as to his involvement in the murder case …." *Id.* at 4. According to Appellant, "he was assaulted and threatened by [] Pitts in order to make a statement." *Id.* at 13. Appellant further claimed that "Nordo falsely implicated [Appellant] in two of the robbery cases." *Id.* at 4.

Appellant averred he "did not know of issues relating to [] Pitts at trial and was not provided with discovery relating to same at the time of trial." *Id.* at 11. Appellant asserted he learned about the pattern of abuses by Pitts and Nordo, after reading about their corruption in a newspaper article. *Id.* at 2-3. Appellant claimed the Commonwealth improperly failed to disclose evidence related to the detectives' misconduct. *Id.* at 9-10.

Appellant argued that "[t]he findings by several courts … show that [] Pitts had a habit and routine practice of coercing confessions and otherwise manipulating witness statements." *Id.* at 12. He asserts:

- 11 -

It does not matter that [other detectives] had their names on [Appellant's police] statement.  The statement was coerced by [] Pitts beating up [Appellant].

*Id.*  Appellant asserted, as a newly-discovered fact, evidence that Nordo "is known to improperly cultivate and manipulate cooperators."  *Id.*

At the evidentiary hearing, Appellant testified that he gave a statement to Pitts in May 2009.  N.T., 11/16/23, at 20.  However, the Commonwealth indicated that Appellant gave statements only in April 2009, and that none were taken by Pitts.  *Id.* at 20-21.  Appellant then testified that, as he was being questioned by other detectives, he was placed in a room with Pitts.  *Id.* at 23.  According to Appellant, Pitts "started smacking me, yelling at me, saying I was there" at the murder scene.  *Id.*  Appellant testified this took place in April 2009.  *Id.* at 24.  He explained, "I got the months mixed up."  *Id.*  Appellant further testified that Pitts

> bullied me.  … I told [a detective] I had nothing to do with [the murder].  He said why you is [*sic*] giving him a hard time.  I'm not going to lie.  I was cursing [the detective] out, being disrespectful.  And … they move me out of the one interview room, and there was [] Pitts.
>
> ….
>
> And then I got beat up, and I was trying to get away from [Pitts], and I signed the paper.  I didn't read it or nothing.

*Id.* at 24-25.  Appellant repeatedly admitted to lying under oath during his plea colloquies.  *Id.* at 26, 35.

Regarding Nordo, Appellant testified that he would "meet up" with Nordo in 2006, at which time Nordo sought information regarding the shooting of

Appellant's brother. *Id.* at 37. In February 2009, Appellant encountered Nordo near Wallace Skating Rink in Philadelphia. *Id.* at 40. At that time, Appellant testified, Nordo asked to see his penis. *Id.* at 42. According to Appellant, Nordo stated, "If you don't, I'm going to make sure your life's miserable." *Id.* at 43. Appellant refused to show his penis. *Id.* Appellant claimed his arrest in this case was the result of Nordo's threat. *Id.* at 44.

However, Appellant also admitted that Nordo was not involved in the police chase during which Appellant discarded the murder weapon. *Id.* Appellant acknowledged that his inculpatory statements to police were not signed by Nordo or Pitts. *Id.* at 49-50.

Thus, the record confirms Appellant knew of Pitts's and Nordo's purported coercion and abuse in this case, prior to his guilty pleas. Appellant failed to plead or prove why he delayed for years reporting Pitts's and Nordo's purported abuse and coercion. Additional evidence of the detectives' misconduct in other cases constitutes, at best, "a newly discovered or newly willing source for previously known facts." *Brown*, 111 A.3d at 176 (citation and quotation marks omitted). Such evidence does not establish a newly-discovered fact. *See Brown*, 111 A.3d at 176.

We therefore agree with the PCRA court that Appellant failed to establish a timeliness exception. Consequently, the PCRA court and this Court lack jurisdiction to grant Appellant relief. *See Albrecht*, 994 A.2d at 1093.

We further discern no additional meritorious issue that could be raised by Appellant on appeal.  Accordingly, we grant Counsel's motion to withdraw, and affirm the PCRA court's orders dismissing Appellant's first PCRA petition.

Orders affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date:  12/17/2024